NO. 07-03-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 14, 2004
_____

TOM RICHARD DOYLE, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 02-05-03090-CR; HON. JAMES H. KEESHAN, JR., PRESIDING
_____

***ABATEMENT AND REMAND***

_____

Before JOHNSON, C.J., QUINN and CAMPBELL, JJ.

Pending before this court is a motion to abate this cause filed by Tom Richard Doyle, Jr. (appellant). Appellant requests that we remand the cause to the 359th District Court of Montgomery County, Texas (trial court) for a hearing. The reason for his request is that the clerk's record is missing a purported jury note delivered to the trial court and its purported response to the note. Appellant contends that the note is important to his case

because it may involve "stacking" of his sentences which may be impermissible "under the statute and applicable case law." On December 30, 2003, we directed the parties, via letter, to determine whether they could stipulate per Texas Rule of Appellate Procedure 34.5(e) to the contents of the purported jury note. The State responded by basically stating that no one involved in the trial had a recollection of any jury note. Appellant responded by stating that in discussing the matter with trial counsel there is a belief that there were "at least three jury notes, and that at least one of them involved the guilt/innocence phase of the trial." Furthermore in speaking with one of the jurors in the case, appellant was allegedly told that 1) at least one juror "remembered a note and response regarding 'stacking,' and also remembered there might have been a couple of other notes" and 2) that "the jury/court communications [were] left on the table in the jury room." Needless to say, the parties did not inform this court of any agreement to stipulate to the contents of the note.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether the jury executed any notes which were forwarded to the trial court to review and answer;

2. if such notes were executed, whether the trial court responded to them; and,

3. if such notes and responses were made, whether they can be located and included in the appellate record.

If such notes and responses were made but cannot be found, the trial court is also directed to 1) determine whether the contents of the missing jury notes and responses can be accurately re-created, 2) re-create the contents of both the notes and responses, if possible, and 3) include their re-creation in a supplemental clerk's record pursuant to Rule 34.5 (e) of the Texas Rules of Appellate Procedure.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law alluded to as well as any re-creation of the notes and responses it derived and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before February 13, 2004. Should additional time be needed to perform these tasks, the trial court may request same on or before February 13, 2004.

Finally, all briefing deadlines are stayed until further order from the court.

It is so ordered.

Per Curiam

Do not publish.